**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert J. LINCOLN, Defendant-Appellant.**

No. 77-3558.

United States Court of Appeals, Ninth Circuit.

June 15, 1978.

Amended Aug. 2, 1978.

Daniel T. Saluri of Johnson, Christenson & Glass, Fairbanks, Alaska, for defendant-appellant.

Stephen Cooper, Asst. U. S. Atty., Fairbanks, Alaska, for plaintiff-appellee.

Appeal from the United States District Court for the District of Alaska.

Before WRIGHT, KENNEDY and TANG, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Lincoln was convicted of driving under the influence of intoxicants on a federal enclave in Alaska in violation of the Assimilative Crimes Act [18 U.S.C. § 13], which incorporates the relevant state law. We reversed by Memorandum on January 3, 1977, 549 F.2d 809, and remanded the original conviction because of the ineffective waiver of counsel. A second trial again resulted in conviction.

The sentence imposed was harsher than that which had been imposed after the first trial. It is the increase in sentence which is contested on appeal. Appellant asserts three reasons why the increase was invalid: (1) it violates double jeopardy; (2) it violates due process because the record does not disclose any reason for the increase; and (3) the trial judge abused his discretion by imposing the maximum possible sentence despite insufficient evidence to categorize appellant as the "worst possible offender."

An increased sentence after a second trial does not violate double jeopardy. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The due process question is more difficult, however, because *Pearce* requires that the judge's reasons for an increase affirmatively appear in the record. Here the district judge placed in the record and relied upon without further comment a presentence report. While under some circumstances this might be insufficient, the report showed only negative information, *e. g.*, a continuing drinking problem and a very lackadaisical attitude toward probation procedures and no factors that the judge should not have relied upon. There was no due process violation.

The presentence report showed that appellant agreed to subject himself to the general conditions of probation during the pendency of his initial appeal, including the condition that he file monthly probation reports. His probation officer reported that appellant was too drunk at his first meeting with the officer to read or understand the conditions of probation. He was also under the influence of liquor at his second and final visit. He failed to mail timely monthly reports to his probation officer. Instead, he mailed them in groups of up to five at a time.

Appellant argues that the trial judge erred in imposing the maximum sentence allowed by Alaska law. He also contends that in an appeal from a conviction under the Assimilative Crimes Act, the sentence must be reviewed by the state standard rather than the federal standard.

The state standard requires that the sentence be upheld unless a review of the record shows the judge to be "clearly mistaken." *Smith v. State*, 531 P.2d 1273 (Alaska 1975). Under the more restrictive federal standard sentencing is "within the discretion of the trial judge and . . . where, as here, the sentence falls within the bounds prescribed by statute, it is not reviewable." *United States v. Buck*, 548 F.2d

871, 877 (9th Cir. 1977). We have also said that the sentence will not be reviewed "absent some extraordinary circumstance." *United States v. Lustig*, 555 F.2d 737, 751 (9th Cir. 1977).

In arguing for the state standard, appellant claims that the policy of the Assimilative Crimes Act of conformity to local law would be frustrated if the standard of review varies depending on where the crime takes place, *i. e.*, on state or federal property. *United States v. Best*, 573 F.2d 1095 (9th Cir. 1978). However, the Act is phrased in terms of "acts or omissions" not punished by Congress, implying incorporation of only the substantive crimes and their penalties. *And see United States v. Smith*, 574 F.2d 988 (9th Cir. 1978), holding that state policies with reference to parole eligibility are inapplicable to federal prisoners sentenced under the Assimilative Crimes Act.

 In any event, it does not matter, as the record shows that even under the "clearly mistaken" standard, the imposition of the maximum sentence was not an abuse of discretion. Under Alaska law the maximum sentence is meted out only to those characterized as "the worst possible offenders." *Joe v. State*, 542 P.2d 159 (Alaska 1975). Some of the factors considered by Alaska are prior convictions, the age of the defendant, military record, employment history, drug or alcohol addiction, presentence reports and recommendations and behavior which demonstrate a possible risk to the public. *Joe v. State*, 542 P.2d at 162.

Considering the appellant's two past convictions for drunk driving and the matters shown by the presentence report, the imposition of the maximum sentence was not "clearly mistaken."

We concluded recently that regardless of whether a district court has the power to order the suspension of a driver's permit, it was unduly intrusive on state regulations to require the suspension to be carried out by a state agency. *United States v. Best, supra*, 573 F.2d at 1102–03.

In light of *Best*, it was error to revoke appellant's driver's permit for three years, as required by Alaska law. The judgment is affirmed, but the sentence is vacated and the cause remanded to the district court for the limited purpose of modifying the sentence. The court below may either limit the suspension to driving activity on federal enclaves, or direct that a copy of the judgment and sentence be sent to the Alaska Department of Safety, which might then initiate suspension or revocation proceedings under § 28.15.200 of Alaska statutes; or the court may appropriately do both.